UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                          :
In re                                                     :
                                                          :
MSR RESORT GOLF COURSE LLC, et al.,                       :
                                                          :
                                    Debtors.              :    17-CV-996 (VSB)
                                                          :
--------------------------------------------------------- X    17-CV-1015 (VSB)
                                                          :
CONLON GROUP ARIZONA, LLC                                 :    **MEMORANDUM & OPINION**
                                                          :
                                    Appellant,            :
                                                          :
                    - against -                           :
                                                          :
MSR LIQUIDATING TRUSTEE, LLC, as                          :
Liquidating Trustee of MSR Liquidation Trust,             :
                                                          :
                                    Appellee.             :
                                                          :
--------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2017

Appearances:

Michael A. Gross
Michael Gross Law Office
St. Louis, Missouri
*Counsel for Appellant*

Eric F. Leon
Latham & Watkins LLP
New York, New York

Chad J. Husnick
Christian Reigstad
Kirkland & Ellis LLP
New York, New York
*Counsel for Appellee*

VERNON S. BRODERICK, United States District Judge:

    Before me is the motion of Appellee MSR Liquidating Trustee, LLC ("MSR") to dismiss

with prejudice the appeal of Appellant Conlon Group Arizona, LLC ("Conlon"). MSR brings its

motion pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8009 for failure to timely file a designation of items to be included in the record on appeal and a statement of the issues to be presented, as required by FRBP 8009. Because it is undisputed that Conlon failed to timely file its designation and statement on appeal, and Conlon fails to demonstrate excusable neglect, MSR's motion to dismiss the appeal with prejudice, (Doc. 23), is GRANTED.[1]

### I. Background

Debtors in this case include MSR Biltmore Resort, LP, which owned the Arizona Biltmore Hotel (the "Hotel"). Next door to the Hotel was a villa-style condominium development. (Doc. 1-1 at 2.) Villa owners had the option of entering into a rental pool agreement ("RPA") with the Hotel, pursuant to which villa units would be made part of the Hotel's room inventory in exchange for villa owners receiving a percentage of the revenue when villa units were rented. (*Id.*) Conlon purchased six villa units in 2003. (*Id.* at 3.)

The Debtors commenced their Chapter 11 bankruptcy action in February 2011, and approximately one year later, sought to assume the RPAs for the Hotel, together with some related relief. (*Id.* at 6.) Conlon filed a limited objection to the Debtors' assumption motion. (*Id.*) After the filing of Conlon's limited objection, the Debtors and Conlon cross-moved for summary judgment as to Conlon's claims. (*Id.* at 6–8.) On February 22, 2013, the Bankruptcy Court approved of the Debtors' proposed reorganization plan, which, among other things, provided for the assumption of the RPAs. (*Id.*) On August 7, 2014, the Bankruptcy Court issued a decision on the cross-motions for summary judgment, and found that Conlon's so-called "Revenue Claims" were barred by res judicata, and that certain of Colon's so-called "17 Percent

---

[1] Conlon brought two separate appeals, as described in greater detail below—one related to the merits and the other related to fees. On April 14, 2017, the two appeals were consolidated. Unless otherwise indicated, referenced documents are to those submitted in connection with the first-filed appeal. Documents filed in connection with the fee action are referred to as "Fees Doc. __."

2

Claims" were precluded by collateral estoppel (the "Merits Opinion"). (*Id.* at 1–2, 22.) The Bankruptcy Court also identified specific claims that were not the subject of the decision (the "Surviving Claims"). (*Id.* at 7 n.7.) On July 1, 2016, the parties stipulated to the dismissal of the remaining "17 Percent Claims," (Doc. 1-2), and on September 28, 2016, stipulated to the dismissal of the Surviving Claims, (Doc. 1-3). On November 18, 2016, after MSR filed a motion for attorney's fees and expenses incurred in connection with opposing the limited objection, the Bankruptcy Court also entered an order directing Conlon to pay $352,692.31 of attorney's fees and costs to MSR (the "Fees Opinion"). (Fees Doc. 1-1.)

## II. Procedural History

Conlon filed its notice of appeal of the Merits Opinion on October 6, 2016 (the "Merits Appeal"), (Doc. 1), and its notice of appeal of the Fees Opinion on December 1, 2016 (the "Fees Appeal"), (Fees Doc. 1). Conlon filed its designation of items to be included in the record on appeal and a statement of the issues to be presented ("Designation and Statement") for both appeals on February 10, 2017. (Doc. 3; Fees Doc. 3.)

On February 27, 2017, MSR filed a pre-motion letter seeking to dismiss both the Fees Appeal and the Merits Appeal based upon Conlon's failure to comply with FRBP 8009. (Doc. 9.) After I instructed Conlon to file a response in accordance with my Individual Rules, (Doc. 10), Conlon filed its response on March 10, 2017, (Doc. 11). On March 29, 2017, Conlon filed its own pre-motion letter regarding an anticipated motion to consolidate the appeals. (Doc. 14.) On April 14, 2017, I held a pre-motion conference addressing the parties' anticipated motions, and that same day, ordered that the appeals be consolidated. (Doc. 21.)

MSR filed its motion to dismiss on April 24, 2017, (Doc. 23), along with an accompanying memorandum of law, (Doc. 24), and declaration attaching exhibits, (Doc. 25).

3

On May 11, 2017, Conlon submitted a consent motion for an extension of time to file its response, (Doc. 26), and I granted the request on May 12, 2017, (Doc. 27). Conlon ultimately filed its opposition, along with attached declarations, on May 23, 2017, (Doc. 29), and on June 5, 2017, MSR filed its reply, (Doc. 32).

### III. Legal Standard

This court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court. FRBP 8013 provides that, on such an appeal, a district court reviews the bankruptcy court's findings of fact for clear error, and any conclusions of law are reviewed de novo. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994). Because a bankruptcy court's decision to dismiss for cause is guided by equitable principles, it is reviewed for abuse of discretion. *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007); *see also In re Chovev*, 559 B.R. 339, 343–44 (E.D.N.Y. 2016) ("The determination of what constitutes 'cause' to dismiss an individual debtor's chapter 7 case is left to the discretion of the court."). "A bankruptcy court exceeds its allowable discretion where its decision (1) 'rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,' or (2) 'cannot be located within the range of permissible decisions,' even if it is 'not necessarily the product of a legal error or a clearly erroneous factual finding.'" *In re Smith*, 507 F.3d at 73 (quoting *Schwartz v. Aquatic Dev. Grp., Inc.*, 352 F.3d 671, 678 (2d Cir. 2003)).

### IV. Discussion

In its motion to dismiss, MSR argues that Conlon's appeal must be dismissed under FRBP 8009 because Conlon failed to timely file its Designation and Statement on appeal. (*See* MSR Mem.)[2] In opposing, Conlon "recognizes and acknowledges the seriousness of its failure

---

[2] "MSR Mem." refers to the Memorandum of Law in Support of MSR Liquidating Trustee, LLC's Motion to

to comply with [FRBP] 8009(a)(1)," but asks that I exercise my discretion and find under the circumstances presented here that there was excusable neglect. (Conlon Opp. 7.)[3] For the reasons set forth below, I find that Conlon has failed to show excusable neglect, and therefore dismiss the appeals.

### A. *Rule 8009 and Excusable Neglect*

FRBP 8009 requires that an appellant file and serve "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen days after either "the appellant's notice of appeal as of right becomes effective under [FRBP] 8002" or "an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1). Where an "appeal is precluded without the untimely action, there is no scope for an independent analysis," and FRBP 9006(b)(1) applies to determine whether the circumstances are such that the late filing should be permitted.[4] *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005) (noting that "a bankruptcy appeal cannot proceed without a Designation and Statement"). FRBP 9006(b)(1) permits a court discretion to excuse an untimely filing "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). "If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end." *In re Lynch*, 430 F.3d at 605.

---

Dismiss Conlon Group Arizona, LLC's Appeals. (Doc. 24.)

[3] "Conlon Opp." refers to the Memorandum of Law in Opposition to Motion to Dismiss Appeals. (Doc. 29.)

[4] Conlon argues that I should apply the standard expounded upon by the Second Circuit in *In re Harris*, 464 F.3d 263 (2d Cir. 2006), along with the decision in *Lynch*, to apply a "flexible and considerate approach" and consider a lesser sanction than dismissal. (Conlon Opp. 6–9.) However, Conlon's reliance on *Harris* is misplaced, as *Harris* involved the application of a different rule—then-Rule 8001(a)—to determine when dismissal would be appropriate as a sanction when the contents of the filing were at issue. *Harris*, 464 F.3d at 270 & n.5. *Harris* did not alter the Second Circuit's determination in *Lynch* that Rule 9006's "excusable neglect" standard, as opposed to the Rule 8001 standard, applied to an appellant's failure to timely file a designation and statement; in fact, the Circuit specifically noted that "[u]nlike the situation in *Lynch*, Harris *did* file a timely record and designation," such that Rule 9006 was inapplicable to Harris. *Id.* (emphasis in original).

"There is, of course, a range of possible explanations for a party's failure to comply with a court-ordered filing deadline," which includes, "[a]t one end of the spectrum . . . an act of God or unforeseeable human intervention," and "[a]t the other," a mere choice "to flout a deadline." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 387–88 (1993). A party may also "*choose* to miss a deadline although for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence." *Id.* at 388. Taking into account the variety of reasons that could, hypothetically, be provided, courts are "'*permitted*, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control,' even though 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect.'" *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (quoting *Pioneer*, 507 U.S. at 388, 392). The determination of whether a party's actions are excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. These include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The Second Circuit has "'taken a hard line' in applying the *Pioneer* test." *Enron*, 419 F.3d at 122 (quoting *Silivanch v. Celebrity Cruises, Inc.*, 33 F.3d 355, 368 (2d Cir. 2003)). Moreover, the Second Circuit specifically "focus[es] on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant," and has "cautioned that the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule," such that "where the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary

course, lose under the *Pioneer* test." *Id.* at 122–23 (citations and internal quotation marks omitted).

## B.     *Untimely Filing of the Designation and Statement*

Here, Conlon's only justification for its failure to file a timely Designation and Statement is its inability to retain counsel "willing to take any step in the appellate process beyond filing notices of appeal," (Conlon Opp. 2; *see also id.* at 3–4, 7–8), largely because of a lack of funds, (*id.* at 8). Conlon contends that, given that corporations may not proceed pro se, it was not possible for it to comply with FRBP 8009 until counsel was retained. (*Id.* at 3.) Conlon details the circumstances surrounding its failure to retain counsel by describing (1) its attempts to convince Ethan Ganc, its attorney before the Bankruptcy Court, to initially file notices of appeal on behalf of Conlon before the district court, (*id.* at 3); and (2) its communications with current counsel between August 2016 and January 2017, during which counsel stated that he would not represent Conlon until local counsel was secured and acceptable arrangements for compensation were made, (*id.* at 3–4). Given his "financial limitations," Conlon's owner, Mark Finney, attempted to secure local counsel by asking his sister to represent him, but she was unable to take on the representation. (Finney Decl. ¶ 14.)[5] Counsel finally agreed to represent Conlon notwithstanding the lack of local counsel. (Conlon Opp. 4.) Notably, while he was attempting to "persuade attorneys who were representing Conlon Group, had represented it in the past, or might undertake its representation to make the filings," (Finney Decl. ¶ 16), Finney was fully informed of the "need to file additional documents to perfect the appeal," (*id.* ¶¶ 12, 16). Conlon does not explain why it neglected at any point to raise its inability to retain local counsel with the Bankruptcy Court or ask for an extension.

---

[5] "Finney Decl." refers to the Declaration of Mark Finney. (Doc. 29-1.)

In its opposition and accompanying declarations, Conlon unequivocally acknowledges that it was fully aware of the deadline for filing its Designation and Statement, and simply chose to "flout" it. *Pioneer*, 507 U.S. at 388. Regardless of whether I take into account Conlon's relevant litigation history, I do not consider Conlon's inability to retain counsel in these circumstances to be the result of inadvertence, miscalculation, or neglect, nor was it the result of intervening circumstances beyond Conlon's control. *Cf. Myers v. N.Y.C. Human Rights Comm'n*, No. 04 Civ. 00543(JCF), 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006) (finding, albeit in the context of an individual party who missed the deadline because he was seeking new counsel, that a party's pro se status "does not by itself excuse a litigant from complying with procedural rules" and that "the absence of representation does not qualify as excusable neglect"). As a result, Conlon's failure to follow FRBP 8009 was not the result of "excusable neglect," and the appeal is dismissed with prejudice.

**V.     Conclusion**

For the reasons set forth above, MSR's motion to dismiss the appeal with prejudice, (Doc. 23), is GRANTED. The Clerk's Office is respectfully directed to terminate the motion at Document 23 and close this case.


SO ORDERED.

Dated:  October 20, 2017
        New York, New York

Vernon S. Broderick
United States District Judge

8